# United States District Court
# Central District of California

| | |
|---|---|
| MITCH KALCHEIM, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE, INC; and DOES 1–100,<br><br>            Defendant. | Case № 2:16-cv-09324-ODW(RAO)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [10]** |

## I. INTRODUCTION

Plaintiff Mitch Kalcheim brings this putative class action lawsuit against Defendant Apple, Inc. Plaintiff purchased from Apple a MacBook Pro and an extended warranty for the device. The warranty's coverage period commenced before Plaintiff actually received the MacBook Pro, and thus Plaintiff alleges that Apple "shorted" his warranty coverage. Apple now moves to dismiss Plaintiff's complaint. (ECF No. 10.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Apple's Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Apple is a technology company that manufactures and sells a range of electronic devices, including the MacBook, MacBook Pro, iPhone, iPad, iWatch, and others. (Compl. ¶ 5, ECF No. 1-1.) Apple also offers a three-year warranty for these products called the AppleCare Protection Plan ("AppleCare"). (*Id.* ¶ 6.) According to Plaintiff, Apple maintains "certain customs, policies, [and] practices" designed to encourage customers to purchase both the device and warranty at the same time. (*Id.* ¶ 8.) But while the AppleCare coverage period begins immediately upon purchase, the customer may need to wait "4-5 weeks or more" to receive their electronic device. (*Id.* ¶¶ 7, 14.) In these circumstances, the warranty is in effect for several weeks before the customer is in possession of the device covered by the warranty. (*See id.* ¶ 9.) Plaintiff contends that this practice "shorts" the customer's warranty—i.e., it deprives them of the full value of the warranty. (*See id.*)

Plaintiff alleges that he purchased both a MacBook Pro and AppleCare on October 27, 2016. (*Id.* ¶ 12.) Plaintiff did not receive the MacBook Pro until November 15, 2016; however, Plaintiff received an e-mail from Apple stating that his warranty would expire on November 11, 2019, thus indicating that the warranty period began no later than November 11, 2016. (*Id.*) Thus, under Plaintiff's theory, his coverage was "shorted" by four days. Plaintiff now brings this action on behalf of himself and a putative nationwide class of persons "who purchased an AppleCare extended warranty for an Apple Hardware Product and the warranty commenced prior to receiving the underlying Hardware Product." (*Id.* ¶ 20.) Plaintiff asserts the following claims: (1) violation of the California Consumer Legal Remedies Act (CLRA); (2) violation of the California Unfair Competition Law (UCL); (3) violation of the California False Advertising Law (FAL); (4) breach of contract; (5) breach of the covenant of good faith and fair dealing; (6) money had and received; and (7) unjust enrichment. (ECF No. 1-1.) Apple subsequently moved to dismiss the complaint. (ECF No. 10.) That motion

is now before the Court for decision.[2]

### III. LEGAL STANDARD

A court may dismiss a complaint for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court must grant the plaintiff leave to amend if there is any possibility that amendment could cure the deficiencies, even if the plaintiff fails to request such leave. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### IV. DISCUSSION

Apple makes the following arguments: (1) Plaintiff has not suffered an injury (and thus presumably lacks Article III standing); (2) Plaintiff has not alleged any facts that would establish several elements of his breach of contract claim; (3) Plaintiff is impermissibly attempting to use the implied covenant of good faith and fair dealing to

---

[2] After briefing on the motion was complete, Plaintiff submitted a declaration stating that Apple has changed its policy since this action was filed, such that the warranty period now begins on the date the consumer first activates the covered product. (ECF No. 21.) Plaintiff insists that the Court "should have this information" prior to ruling on this motion (*id.* ¶ 6), but Plaintiff does not indicate how this information is pertinent to Apple's pleading challenge.

rewrite the AppleCare Terms and Conditions; (4) Plaintiff has not suffered an economic injury and thus cannot bring claims under the CLRA, UCL, and FAL; (5) Plaintiff has not pleaded his CLRA, UCL, and FAL claims with particularity; (6) Plaintiff has not identified any representation that is "likely to deceive" a reasonable consumer; and (7) Plaintiff's claims for unjust enrichment and money had and received are not true alternate theories of relief. (ECF No. 10.) The Court will address each argument in turn.

**A. Standing**

Relying on a similar warranty-shorting case in California, Apple argues that Plaintiff has not suffered an injury because he "never had a repair denied, never paid for any repair, service or support, never refrained from making a service or support call to Apple because of a belief that their warranty was shorter than it should have been, and . . . [was] never denied support" under AppleCare. (Mot. at 5–7, ECF No. 10.) The Court disagrees.

The "irreducible constitutional minimum" of standing is comprised of three elements: (1) injury in fact; (2) causation; and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citations omitted). The named plaintiff in a class action lawsuit must have standing to bring his own claims. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

The UCL, FAL, and CLRA also independently require that the plaintiff "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011); *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013) ("[A]ny plaintiff who has standing

under the UCL's and FAL's 'lost money or property' requirement will, *a fortiori*, have suffered 'any damage' for purposes of establishing CLRA standing."). This inquiry substantially overlaps with the Article III standing inquiry, for any injury that suffices for standing under Article III will suffice for standing under the UCL, FAL and CLRA—as long as that injury is economic in nature. *Kwikset Corp.*, 51 Cal. 4th at 322–23.

Apple relies on an opinion issued by the Los Angeles Superior Court holding that the plaintiffs in a virtually identical warranty-shorting case suffered no damage or injury. *Branning v. Apple Comput., Inc.*, No. 1-05-CV045719, at 12 (Cal. Super. Ct. Nov. 10, 2008), *aff'd*, No. H036343, 2015 WL 355426 (Cal. Ct. App. Jan. 28, 2015). In *Branning*, the court held that the plaintiffs did not suffer damage or injury because they did not have service denied, or even refrain from asking for such service, based on the alleged shorting of their warranty. *Id.* at 18–22.

The Court disagrees that Plaintiff's failure to attempt to use the warranty protection during the shorted period is dispositive of standing. In the Court's view, Apple's conduct, as alleged by Plaintiff, reduced the value of the warranty that Plaintiff purchased, which is sufficient to form the basis for standing. The four days of coverage that Plaintiff gained at the front-end of the coverage period (i.e., November 11 to 15, 2016) came at the expense of four days of coverage at the back-end of the coverage period (i.e., November 11 to 15, 2019). Moreover, it seems that four days of coverage at the front-end would be on the whole less valuable than four days of coverage at the back-end. At the front end, Plaintiff is not even in possession of the device, and thus cannot take advantage (or at least *full* advantage) of the warranty protection during that time. Warranty coverage at the back-end, in contrast, would seem particularly valuable to the consumer, for not only is the Plaintiff in possession of the device during that time, but the device is most likely to malfunction (and thus be in need of servicing) after three years of use. Thus, assuming that Apple did indeed violate the law by "shorting" Plaintiff's warranty in this manner, Plaintiff has suffered an injury. *See Warth v. Seldin*,

422 U.S. 490, 500 (1975) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal."). To the extent *Branning* suggests that the value of the AppleCare warranty is measured solely in terms of the service the consumer actually received under the warranty, the Court disagrees with it; the shifting of risk from the consumer to Apple during the warranty period itself has value independent of any claims actually filed under the warranty. By shorting the warranty, the warranty shifts less risk from the consumer to Apple than if the warranty had not been shorted. This is enough to satisfy standing. *See e.g.*, *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 919 (N.D. Cal. 2012) ("Economic injury may result from unfair competition if a plaintiff . . . acquires in a transaction less[] than he or she otherwise would have . . . ."). The Court therefore declines to dismiss Plaintiff's complaint based on lack of standing.[3]

**B.  Pleading Fraud**

Apple seeks to dismiss Plaintiff's CLRA, UCL, and FAL claims, arguing that Plaintiff failed to plead fraud with particularity in accordance with Rule 9(b). In actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This requires the pleader to provide the "who, what, when, where, and how" of the alleged fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Rule 9(b) applies to claims under the CLRA, the UCL, and the FAL where the underlying legal theory is grounded in fraud. *Id.* at 1125; *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1100 (9th Cir. 2003); *Rosado v. eBay Inc.*, 53 F. Supp. 3d 1256, 1264 (N.D. Cal. 2014).

Plaintiff does not disagree with Apple that his claims sound in fraud, and indeed does not even address Apple's argument that he has failed to satisfy Rule 9(b)'s heightened pleading requirements. The Court has reviewed the Complaint and agrees with Apple that Plaintiff has not done so. Thus, the Court dismisses these claims with

---

[3] For the same reason, the Court disagrees with Apple's argument that Plaintiff has not suffered contract damages.

leave to amend to cure this deficiency.[4]

**C. Breach of Contract**

Apple moves to dismiss Plaintiff's breach of contract claim, arguing that Plaintiff has not identified any contract or alleged any breach of a contract term. The Court agrees.

"In order to state a claim for breach of contract, a plaintiff must plead the existence of a contract, his performance of the contract or excuse for nonperformance, the defendant's breach and resulting damages." *Donohue*, 871 F. Supp. 2d at 930. The contract may be written, oral, or implied by conduct. *See Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 458 (1985). "The complaint must identify the specific provision of the contract allegedly breached by the defendant." *Id*.

Plaintiff does not identify the contract term or even the contract that Apple allegedly breached; Plaintiff simply states that "Plaintiff and the class members have entered into certain contracts with Apple." (Compl. ¶ 48.) Moreover, given the rather clear statement in the AppleCare Terms and Conditions as to the warranty plan's start date, the Court fails to see how Plaintiff could allege any breach of that contract. Plaintiff also does not identify any other contract (written, oral, or implied) that could form the basis of this claim. The Court therefore dismisses this claim. However, because it is not certain that Plaintiff could not bring *any* breach of contract claim whatsoever, the Court grants Plaintiff leave to amend.

**D. Breach of Covenant of Good Faith and Fair Dealing**

In California, "every contract contains an implied covenant of good faith and fair dealing that 'neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1120 (2008) (citations and some internal quotation marks omitted). "The covenant is implied . . . to prevent a contracting party from engaging in conduct

---

[4] Because of this, the Court does not consider at this time either Plaintiff's arguments or Apple's arguments regarding whether Plaintiff has pleaded a viable theory under these consumer protection statutes. The Court will consider these issues when Plaintiff properly pleads his claims.

which (while not technically transgressing the express covenant) frustrates the other party's rights of the benefits of the contract." *Marsu B.V v. Walt Disney Co.*, 185 F.3d 932, 938 (9th Cir. 1999) (citations omitted). However, the covenant is "limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." *See Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2008) (emphasis in original).

Here, the Court has determined that Plaintiff did not properly state a breach of contract claim, and thus Plaintiff cannot maintain a claim for breach of the implied covenant of good faith and fair dealing. *See, e.g.*, *Klembeck v. GTE Corp.*, 32 F. App'x 410, 411 (9th Cir. 2002) (affirming dismissal of claim for breach of the implied covenant of good faith and fair dealing where "there was no contract to which [the] implied covenant . . . could attach"). The Court therefore dismisses this claim with leave to amend.

### E. Unjust Enrichment and Money Had and Received

Apple moves to dismiss Plaintiff's unjust enrichment and money had and received claims on grounds that they are duplicative of Plaintiff's other legal claims. Plaintiff does not respond to this argument. The failure to substantively oppose arguments in a motion to dismiss can be "construed as a waiver or abandonment of those issues [thus] warranting dismissal of [those] claims." *Shorter v. L.A. Unified Sch. Dist.*, No. CV 13-3198 ABC AJW, 2013 WL 6331204, at *5 (C.D. Cal. Dec. 4, 2013); *see also, e.g.*, *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Without any 'overture to the district court to suggest that [the plaintiff] had a continuing interest in pursuing [a claim after the defendant filed a motion to dismiss that claim] the district court had no reason to consider the contention that the claim . . . could not be dismissed.'" (citation omitted)); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." (citing *Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009))), *aff'd*, 646 F.3d 1240 (9th

Cir. 2011). The Court therefore dismisses these claims without leave to amend.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Apple's Motion to Dismiss. (ECF No. 10.) Where leave to amend has been granted, Plaintiff must file an amended complaint curing the deficiency within 21 days of this Order. Apple's response shall be due 21 days thereafter.

**IT IS SO ORDERED.**

August 10, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**